# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| MARK MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:21-cv-04202-DCN-KDW |
| vs. ) | |
| ) | **ORDER** |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Magistrate Judge Kaymani D. West's report and recommendation ("R&R"), ECF No. 20, that the court reverse in part and remand the Commissioner of Social Security's ("Commissioner") decision denying claimant Mark Moore's ("Moore") application for social security insurance ("SSI") and disability insurance benefits ("DIB") under the Social Security Act (the "Act"). For the reasons set forth below, the court adopts the R&R, reverses in part the Commissioner's decision, and remands the matter for further consideration.

## I.   BACKGROUND

### A.   Procedural History

Moore filed an application for DIB on June 12, 2018, and an application for SSI on May 20, 2019, alleging in both that he has been disabled since June 10, 2018. The Social Security Administration (the "SSA") denied Moore's application initially on December 18, 2018, and upon reconsideration on April 24, 2019. Mitchell requested a hearing before an administrative law judge ("ALJ"), and ALJ Nicole S. Forbes-Schmitt presided over a hearing held on June 11, 2019, at which Moore and a vocational expert

1

("VE"), Thomas C. Neil, testified. In a decision issued on August 21, 2019, the ALJ determined that Moore was not disabled within the meaning of the Act from June 10, 2018 through the date of the decision. Moore requested review of the ALJ's decision by the Appeals Council, and on October 1, 2019, the Appeals Council denied Moore's request, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

On December 30, 2021, Moore filed this action seeking review of the ALJ's decision. ECF No. 1, Compl. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the action was referred to Magistrate Judge West. On November 29, 2022, Magistrate Judge West issued the R&R, recommending that the court reverse and remand the ALJ's decision. ECF No. 20, R&R. The Commissioner filed objections to the R&R on December 13, 2022, ECF No. 21, and Moore responded to the objections on December 27, 2022, ECF No. 24. As such, the matter has been fully briefed and is ripe for the court's review.

### B. Medical History

The parties are familiar with Moore's medical history, the facts of which are ably recited by the R&R. Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of the Commissioner's objections to the R&R. Moore alleges a disability onset date of June 10, 2018, when he was thirty-eight years old. ECF No. 11, Tr. 86. Moore alleges a disability due to lumbar degenerative disc disease, status-post right ankle fracture, chronic schizophrenia, and anxiety. Moore previously worked as a landscape laborer and janitor.

### C. The ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Moore was disabled from his alleged onset date of June 10, 2018, the ALJ employed the statutorily required five-step evaluation process. At the first step, the ALJ found that Moore has not engaged in substantial gainful activity during the relevant period. Tr. 25. At the second step, the ALJ found that Moore has the following severe impairments: lumbar degenerative disc disease, status-post right ankle fracture, chronic schizophrenia, and anxiety. Tr. 25. At the third step, the ALJ found that Moore does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the SSA's Listing of Impairments, 20 CFR § 404.1520(d), et seq. Tr. 26. Before reaching the fourth step, the ALJ determined that Moore retained the residual functional capacity ("RFC") to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that he could occasionally climb ladders, ropes, or scaffolds and he is limited to simple, repetitive tasks with only occasional interaction with general public and coworkers.

Tr. 27. Based on the RFC, at the fourth step, the ALJ found that Moore is unable to perform any past relevant work. Tr. 31. Finally, at the fifth step, the ALJ found that based on Moore's age, education, work experience, and RFC, Moore is capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including work as a marker laundry, machine cleaner, and cleaner industrial worker. Tr. 32. Therefore, the ALJ concluded that Moore was not disabled under the meaning of the Act during the period at issue.

## II. STANDARD

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of

the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Although the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action."

5

Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).  Further, although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard.  Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987).

### III.   DISCUSSION

In his initial brief, Moore raised two grounds for reversing the ALJ's decision. First, Moore argued that the ALJ failed to provide specific reasons for rejecting Moore's subjective complaints of pain.  ECF No. 15 at 15.  Second, Moore argued that the ALJ improperly evaluated the medical opinion evidence in the record provided by Dr. Jason Highsmith ("Dr. Highsmith").  Id. at 18.  The magistrate judge recommended overruling Moore's argument on the first issue, finding that the ALJ properly applied the two-step process outlined in Social Security Ruling ("SSR") 16-3 for weighing Moore's subjective complaints of pain along with his objective symptoms.  Under the second argument, however, the magistrate judge agreed with Moore and recommended the court find that the ALJ failed to support her evaluation and decision to discount Dr. Highsmith's opinion with substantial evidence.   Moore focuses on responding to the Commissioner's objections and does not argue that the magistrate judge erred in finding that the ALJ properly evaluated Moore's subjective complaints.  See generally ECF No. 24.  In the absence of an objection to the recommendation to adopt the ALJ's ruling in that respect, the court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond, 416 F.3d at 315 (internal quotations and citation omitted).  The court finds no clear error in the magistrate judge's finding on the

6

first issue and therefore considers only the recommendation to reverse the ALJ's decision on the second issue below.

In evaluating Dr. Highsmith's opinion, The ALJ stated the following:

Dr. Highsmith indicated that the claimant is unable to tolerate work as a landscaper at janitorial services. (Exhibit Bl8F). He submitted a medical source statement in which he indicated that the claimant is limited to lifting/carrying 10 pounds on an occasional basis; he could stand/walk for less than 2 hours in an 8-hour day; he could sit for about 2 hours in an 8-hour day; he could never twist, stoop, or crouch; he could occasionally climb stairs and ladders; he must avoid all exposure to extreme cold; he must avoid even moderate exposure to extreme heat, fumes, odors, dusts, gases, poor ventilation, and hazards; and he must avoid concentrated exposure to wetness, humidity, and noise. The undersigned is not persuaded by Dr. Highsmith's opinions as they are inconsistent with his own findings on examination and are unsupported by the weight of the evidence of record. Indeed, Dr. Highsmith's opinion appears to be merely a recitation of the claimant[']s subjective complaints, rather than based on objective evidence. Moreover, Dr. Highsmith only recommended conservative treatment for the claimant's low back pain, and his records are devoid of any evidence that would support the environmental restrictions in his medical source statement.

Tr. 30.[1]

Originally, SSR 96-2 required that an ALJ's decision "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996). The SSA later rescinded and modified the rules governing the evaluation of opinion evidence. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). The regulations now provide that the SSA "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." Id. at 5867–68; 20 C.F.R. § 404.1520c(a). Instead, ALJs are required

---

[1] Dr. Highsmith's opinion is located at Tr. 573–78.

to consider medical opinions based on five factors: supportability, consistency, the relationship with the claimant, specialization, and "other factors." 20 C.F.R. § 404.1520c(a), (c). Among these, supportability and consistency are considered "the most important factors." Id. § (b)(2).

Supportability refers to the persuasiveness of the opinion based on the objective medical evidence and the explanations of the medical provider. See id. § (c)(1). Consistency refers to the relationship between the opinion at issue and the rest of the evidence of record. See id. § (c)(2). Because of the primacy of these two factors, an ALJ must affirmatively "explain how [he or she] considered the supportability and consistency for a medical source's medical opinions or prior administrative medical findings in [the claimant's] determination or decision." Id. § (b)(2). In contrast, the ALJ is not ordinarily required to explain how he or she considered the other three factors. See id. § (b)(2)–(b)(3).

The magistrate judge properly identified the controlling regulations and applied them to the case here. The magistrate judge ultimately agreed with Moore that "the ALJ's explanation for her consideration of the supportability and consistency factors f[ell] short." R&R at 21. Namely, the magistrate judge found that the ALJ failed to address the persuasiveness of Dr. Highsmith's opinion, particularly given that Dr. Highsmith examined Moore a full year after the vocational rehabilitation examination of Dr. Kumar, whose opinion the ALJ had found persuasive. The magistrate judge also determined that Dr. Highsmith provided (1) medical support for his findings and (2) suggested treatment options, both of which the ALJ failed to meaningfully evaluate or compare against the evidence of record.

8

The Commissioner objects to the R&R, arguing that the ALJ's evaluation of Dr. Highsmith's opinion was supported by substantial evidence.  As a general point, the Commissioner first suggests that the ALJ's discussion of the record evidence in other portions of her decision created a "logical bridge" that allows the court to trace a path to the ALJ's conclusion regarding Dr. Highsmith's opinion.  ECF No. 21 at 4 (citing Shinaberry v. Saul, 952 F.3d 113, 123 (4th Cir. 2020)).  But unlike the ALJ in Shinaberry, the ALJ here did not specifically connect the record evidence she discussed elsewhere to Dr. Highsmith's opinion.  "Without some such connection, the ALJ fail[s] to build the required bridge between her discussion of the record evidence in other portions of her opinion and the question of whether [the medical] opinion was consistent with that evidence."  Boyd v. Kijakazi, 2022 WL 949904, at *3 (E.D. Va. Mar. 29, 2022).  Under these circumstances, the court finds that the Commissioner's arguments "amount to an invitation to fill in the gaps of the ALJ's reasoning and bolster an inadequate opinion," which the court declines to do.  Id.

Next, the Commissioner argues that under the controlling regulations, it was enough for the ALJ to explain why she found Dr. Highsmith's opinion unsupported by his own treatment notes and why she found the opinion to be inconsistent with the evidence as a whole.  As the court noted above, however, the ALJ did not specifically draw comparisons between Dr. Highsmith's opinion and the rest of the evidence of record.  To the extent the Commissioner argues that the ALJ was comparing Dr. Highsmith's opinion with those of the other medical and vocational experts in the same section, the court disagrees as well.  See Tr. 30.  As the magistrate judge noted, the ALJ provided no explanation about why, for example, Dr. Kumar's vocational rehabilitation

9

examination was considered more persuasive when Dr. Highsmith's evaluation occurred approximately a year after Dr. Kumar's. This is particularly notable in light of the ALJ's assessment, which was also based on other opinions, that Moore was impaired with lumbar degenerative disc disease. Tr. 25. If anything, that diagnosis lends credence to the persuasiveness of Dr. Highsmith's subsequent evaluation given that lumbar degenerative disc disease is a disease that "worsen[s] with time." R&R at 21 (citing Tucker v. Colvin, 2017 WL 382429, at *4 (D.S.C. Jan. 27, 2017)).

In response, the Commissioner argues that the mere diagnosis of a degenerative impairment does not mean that the impairment has in fact degenerated. On this point, the court agrees. The Commissioner then argues that the magistrate judge erred in finding that such a decline in functioning from the degenerative disease must have occurred. The court does not read the R&R the same way. As the court reads it, the R&R was not stating, in a definitive manner, that Moore experienced a decline in functioning. Rather, the court reads the R&R as stating that for purposes of evaluating consistency, the ALJ erred by failing to reconcile that factor as a potential reason why Dr. Kumar and Dr. Highsmith's evaluations may have differed. To the extent that is not what the magistrate judge wrote or intended, the court adopts this view under a de novo review. In either case, the court agrees that the ALJ did not properly consider the consistency factor and remands the case on this basis.

The magistrate judge similarly concluded that the ALJ had not sufficiently discussed the supportability of Dr. Highsmith's medical opinion. First, the magistrate judge found it unclear how the ALJ concluded that "Dr. Highsmith's opinion appears to be merely a recitation of the claimant[']s subjective complaints." Tr. 30. The magistrate

10

judge noted that although it was "sparse,"[2] Dr. Highsmith provided some objective medical support for his findings. The Commissioner objects, arguing that in addition to noting the reiteration of subjective complaints, the ALJ also found that Dr. Highsmith's opinion "was inconsistent with the doctor's own findings and inconsistent with the 'weight of the evidence of record.'" ECF No. 21 at 7. But this reasoning is either circular, conclusory, or both. See Ford v. Kijakazi, 2021 WL 3744606, at *3 (W.D.N.C. Aug. 24, 2021) (remarking that it is not enough for an ALJ to state that a medical opinion "is unsupported by diagnostic testing and inconsistent with the [] record" without explaining "how the opinion is unsupported and inconsistent") (emphasis in original). Even with the Commissioner's objections, it remains difficult to deduce how Dr. Highsmith's opinion was inconsistent with its own findings. The court finds, after a de novo review, that Dr. Highsmith adequately stated his medical findings, including those under the "Physical Examination" and "Diagnostic Impression" sections of his opinion. Tr. 574. The court does not substitute its judgment for that of the ALJ and does not necessarily conclude that those findings should be dispositive; however, it finds that under the relevant framework, the ALJ erred in failing to specifically analyze the persuasiveness of those findings. See Garrett v. Kijakazi, 2022 WL 1651454, at *3 (W.D.N.C. May 24, 2022) (finding that the ALJ's failure to articulate how he considered

---

[2] The Commissioner seizes on the magistrate judge's characterization of Dr. Highsmith's evidence, claiming that if the evidence was indeed "sparse," the court may not choose to weigh the evidence under the substantial-evidence standard. ECF No. 21 at 10. But by noting that the support is sparse, the court is not concluding that it should have reflexively been deemed sufficient; rather, the court simply notes that the evidence should have, at minimum, been evaluated by the ALJ.

the supportability factor warranted remand because it amounted to a failure to "apply the correct legal standard"). Remand is therefore necessary.

Finally, the magistrate judge found that in concluding that Moore was undergoing a "conservative" treatment plan, the ALJ did not consider the other treatments that Dr. Highsmith indicated would be appropriate if Moore's symptoms persisted. R&R at 21; see Tr. 30 ("Dr. Highsmith only recommended conservative treatment for the claimant's low back pain . . . ."). The Commissioner objects, arguing that Dr. Highsmith's base recommendations—"a trial of nonsteroidal anti-inflammatories" and "over-the-counter medications first"—were indeed conservative. ECF No. 21 at 9 (citing Tr. 574). Dr. Highsmith indicated that if the symptoms persisted, Moore would then be "a candidate for L4-S1 epidural steroid injections" and, if necessary, decompression surgery. Tr. 574. As the Commissioner notes, there is no evidence in the record that Moore pursued the steroid injections or, if he did, that he then pursued the more serious form of surgery.

The Commissioner acknowledges that the Fourth Circuit caselaw appears to vary on the issue. In Lewis v. Berryhill, cited in the R&R, the Fourth Circuit found that "the ALJ's designation of [the plaintiff]'s course of treatment as 'conservative' amount[ed] to improperly 'playing doctor.'" 858 F.3d 858, 869 (4th Cir. 2017). The Commissioner attempts to distinguish Lewis by noting that in that case, the evidence clearly reflected that the plaintiff had undergone "extensive treatment." Id. The Commissioner then cites another Fourth Circuit case, Sharp v. Colvin, in which the Fourth Circuit determined that "[t]he ALJ was permitted to [determine] that [the plaintiff]'s treatment was conservative" based on evidence presented about the plaintiff's medical care. 660 F. App'x 251, 259 (4th Cir. 2016). Although that case similarly involved "objective medical evidence,"

including evidence that the plaintiff received injections, pain medication, and physical therapy, the Fourth Circuit reached an opposite result from Lewis and held that the ALJ was permitted to characterize the treatment as part of its RFC determination.

At least one district court has attempted to distinguish Lewis in a way is helpful to the court. In Tabethia T v. Commissioner of Social Security, the Eastern District of Virginia noted that an ALJ does not err by "playing doctor" in that same way when the ALJ "merely state[s] that surgery had been recommended and that [the p]laintiff had not followed up." 2022 WL 2127703, at *7 (E.D. Va. Apr. 7, 2022). Here, whether Moore followed up on the further treatment is unknown—i.e., neither party's counsel appears to know if surgery occurred. But the court finds it likely that Moore did not elect surgery. Although imperfect, the court finds that Tabethia helps to resolve the issue in the Commissioner's favor. Assuming no surgery occurred, the ALJ did not err in concluding from the relatively minimal records that Moore's treatment was conservative. The court remands the case to the ALJ to confirm that Moore's treatment was limited to Dr. Highsmith's initial recommendations. But, to be clear, even if the ALJ did not err in finding that Moore only required conservative treatment, the court finds that remand is necessary for the ALJ to address the supportability and consistency factors, as explained earlier in this order.

## IV.  CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R, **REVERSES IN PART** the Commissioner's decision, and **REMANDS** the matter for further consideration.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 21, 2023
Charleston, South Carolina**